The final case on our calendar for argument this morning is United States v. Clark, 19-1625. Good morning, Your Honors. May it please the Court. Michelle Farris on behalf of the appellant Clarence Clark. The first issue I'd like to discuss with the Court is how Mr. Clark's guilty pleas to Counts 5 and 6 did not comply with Rule 11 requiring vacater. The government's first argument is that Mr. Clark pleaded guilty to a Hobbs Act robbery, not aiding and abetting a Hobbs Act robbery. And I don't believe that is supported by the record. Mr. Clark stated to the District Court he believed he was pleading to an aiding and abetting. The judge asked him directly, did you aid and abet the robbery or did you perform the robbery? And to that Mr. Clark said, I aided and abetted the robbery. One second, one second please. Where are you? Where are you in the record please? A-127 to A-129 is the entire call of plea. Well, so I had been looking at A-123 where the Court says, what is your plea to Count 5 of the superseding indictment charging you with Hobbs Act robbery, guilty or not guilty? And he says guilty. And then the Court goes on to Count 6 and discusses the possessing or brandishing of firearm, guilty or not guilty. And then there is a lengthy discussion of the gun brandishing and did he have to have it himself or could his co-conspirator, co-defendant have brandished the gun? And as I read this, it was with regard to gun brandishing that the aiding and abetting conversation focused. And his counsel says at A-126, yes Judge, I think he'd be willing to plead to aiding and abetting branching of a firearm. And the Court says, okay, Mr. Lind, is that correct? The defendant says, yes ma'am. And then the Court says, so Mr. Clark, with regard to Count 6, charging you with possessing and brandishing or aiding and abetting that brandishing, how do you plead? And he says guilty. And so I'm not getting, I don't see it merging in with the substantive crime. It seems to me that the clear import of the discussion is he's concerned that he didn't have the gun himself, was unclear who shot, and he didn't want to be admitting to having had the gun himself. But he understood that aiding and abetting was having advanced knowledge of the presence of a gun and that it might be used or brandished in the course of the robbery. But he distinctly pled guilty without any discussion of aiding and abetting to the Hobbs Act robbery. So I hope you'll tell me what I'm misunderstanding here or overlooking in the record. Sure. If I could direct the Court's attention to A128. I think all the points that Your Honor just made apply to maybe counsel in the courtroom and to the Court, but I don't think that they apply to the defendant himself. Because when the defendant himself had an opportunity to speak, and if I could direct you to on A128, lines 19 through 21, the Court asked him directly, did you aid and abet the robbery or did you perform the robbery? And the defendant clearly says, I aided and abetted the robbery. But then he says, yes, I was in the store. I was in the store. I was there to rob the store. I had the bag to rob the store, and that was in Staten Island. I was assisting someone take stuff, so that's more like aiding and abetting, but I suppose he was there and taking things in commerce. And then they discuss the firearms. I'm still having difficulty. It gets merged at A128 and A129 into more general discussion, but I'm not seeing a real basis for concluding that he misunderstood. And he certainly pleaded facts that constituted hopsack robbery. Is that correct? No, that's correct, Your Honor. But I think it's important to note that what counsel understood and what the Court understood seems far different than what the defendant understood. Counsel, may I take a slightly different tack on this? This is on plain error review, and as I read the whole record, it looks to me as if your client was desperately anxious to plead guilty, and desperately anxious to plead guilty because he had a relatively good deal and was not being charged with any number of other crimes where he actually clearly had a gun. And under those circumstances, how can we say that agreeing with you, even if we agreed with everything else, would be something that justice would require? That is, how do we meet the plain error standard? And by the way, I also wonder whether if your client wins, he loses because then the government can go back and charge him with all the other things. So I'm not quite sure I understand what's going on here. He may or may not, for the reasons the presiding judge suggested, have an argument. But even if he had an argument, is that an argument that meets a plain error standard? Well, Your Honor, I understand your point. To establish a Rule 11 error affected his substantial rights under the third prong, we certainly bear the burden to show a reasonable probability that but for the error, he would not have entered the plea. But there's an additional part which goes to justice with respect to plain error, doesn't it? There is. But I think that error, that aspect, is fulfilled when a record reveals that a defendant did not understand the nature of the offense to which he pled guilty. And I think there's plenty in the record that makes this a pretty murky allocution and kind of a muddled sentencing. He sent letters to the court after he pleaded guilty, indicating that he had felt he had been misled. At his first sentencing hearing, he told the court he thought he had been misled and had concerns about whether he was actually guilty, and the sentencing didn't go forward. And then at the second sentencing hearing, he continued to express his confusion. So while Mr. Clark said some things that also indicated that he wished to plead guilty, I think it's important to look at that in context and the effect that any misinformation or omissions given to him would have reasonably had on his decision making. And I don't think the court is supposed to focus on whether or not that decision is foolish or not. That is the defendant's choice. So he's contending now on appeal that had he been correctly informed, he would have insisted on going to trial. Is that right? Yes. That at the time of his guilty plea, had he known about all of the elements of the offense, that he may have made another choice. That doesn't seem to me plausible, given his anxiousness to plead guilty to avoid the other charges, I must say. I think that one could draw that conclusion if there were no letters directly from the defendant to the court expressing his concerns about his guilty plea, especially his pointing out of Rosemont. His concerns were verbalized to the court at his first sentencing hearing, which did not go forward, and at his second sentencing hearing. I think it's important to recognize that the government concedes that the district court did not specify the elements of aiding and abetting on the brandishing charge prior to accepting Mr. Clark's plea to count six. With regard to the brandishing charge, are there any facts in the record to suggest that Mr. Clark learned that his accomplice was going to use a firearm only when it was too late to realistically quit the crime, as Rosemont articulates the standard? Not that I'm aware of, but we wouldn't know that because the district court never inquired, and that's an essential element that the district court should have gone over with Mr. Clark. Had the court done so, it would probably have revealed any facts that would be relevant on that issue. Okay. You have reserved two minutes for rebuttal. We'll come back to you in just a bit. Thank you. All right, Ms. Barth. Thank you. Mr. Gopstein? Thank you, Your Honor. May it please the court, David Gopstein for the government. I also represented the government before the district court. The district court's judgment should be affirmed because there was no plain error in the Rule 11 proceedings below. At the plea hearing, the defendant twice stated that he knew that a firearm would be brandished during the robbery. The first time he stated his knowledge of the firearm was in response to the district court's question, asking him to say what he did that made him guilty of aiding and abetting the brandishing of the firearm during the robbery. And then shortly thereafter, the defendant again stated that he knew that a gun would be brandished when he went into the store to commit the robbery. And then before sentencing, the defendant reaffirmed that he knew that a gun would be brandished. District court informed the defendant that it would not have accepted his plea. The defendant did not have advanced knowledge of the gun. And then the defendant reaffirmed his statement during the plea hearing that he knew that a gun would be used. Do you understand those – excuse me, Mr. Gopstein – do you understand those statements in context to reflect advanced knowledge such as Rosenwood requires? Is that right? Yes, Your Honor, the defendant stated multiple times that prior to the robbery, he knew that his co-conspirator was going to brandish a firearm, was going to have a firearm during the robbery. And all of this discussion was about a robbery that was captured on tape, and it shows two robbers entering the store at about the same time and one of them immediately brandishing a gun and pointing it at a victim. And this is a robbery that occurred, as Your Honor pointed out, after the defendant committed four other armed robberies in which both he and his co-conspirator brandished guns. Now, the defendant didn't plead guilty to those robberies, but they were detailed in the PSR and they were not disputed at sentencing. And so against this backdrop, there is no reasonable probability that if the district court had done anything differently at all at this plea hearing, the defendant would not have pled guilty. Does the fact of the other robberies say anything about his capacity to leave or his intention to leave when he learned that in this robbery his accomplice had a gun? I believe, Your Honor, the fact of the… Go ahead. I'm sorry, Your Honor. I'm not hearing you. I'm sorry. Can you hear me now? Yes, thank you. I believe the fact of the other robberies, all of which occurred prior to this robbery and all of which involved both the defendant and his co-conspirator brandishing firearms is relevant to the advanced knowledge. But frankly, if there were no prior robberies, there's still an allocution which the defendant states he knew before the robbery. So we're not even in a circumstance in which the defendant has stated he learned during the robbery, and then the question becomes whether or not he continued to further the robbery, which would still qualify as advanced knowledge under Roseman. We're just not in that world based on the facts in the PSR or based on what the defendant allocated to multiple times. And I'm happy to address any questions that Your Honors may have. Let me just ask, you know, it is striking at 8128 of the record that the defendant at that point says, I aided and abetted the robbery, whereas the crime charged was the robbery itself as opposed to aiding and abetting. And I don't know whether you didn't feel you had an opportunity to interject anything at that point because he was engaged in a colloquy with the court. But can you give any context for that statement that dispels any concern that the defendant didn't understand that he had already pleaded guilty to substantive Hovzack robbery? Yes, Your Honor. So the defendant did say that in his answer to the question of what made you guilty of the robbery. What I would say, Your Honor, is as Your Honor pointed out, the court asked the defendant how he pled to the substantive count, not to aiding and robbery, and the defendant said guilty. When the court asked the defendant to describe what he did, in addition to saying he aided and abetted, he plainly described committing the robbery. Again, the robbery is on tape. And I guess what else I would say is the only reference to aiding and abetting the robbery is this statement. There's no reference or discussion in all of the conferences prior to, during, after the plea about aiding and abetting the robbery. There was extensive discussion about aiding and abetting the 924C. And so this was said, certainly, but I think when you look at what the defendant allocated to the court's explanation of the charges for Hovzack robbery, which the defendant said he understood, and the question, how do you plead the Hovzack robbery guilty, I think given all of that. And then again, the robbery, the video, which plainly shows both the defendant and his co-conspirator actually committing the robbery. I think all of that supports the conclusion that the defendant said guilty to Hovzack robbery. Okay, thank you. Thank you. Thank you. All right, thank you very much. Ms. Bark, you have two minutes of rebuttal. Thank you, Your Honor. I think while the district court may have established that Mr. Clark knew that a gun would be involved in the offense, it did not establish that Mr. Clark knew at a time when he had an opportunity to withdraw. And so whether or not this court agrees that he pled guilty to an aiding and abetting a Hovzack robbery, I don't think there's any quarrel with the idea that Mr. Clark was not advised on the elements of aiding and abetting to the 924C offense prior to accepting Mr. Clark's plea, and that it was missing this element. This element also happens to be the subject of Mr. Clark's letters to the court and some of the statements he made in court, so I don't believe that the record is as clear cut as the government suggests here. It's a sort of muddled record that calls into question whether or not he understood the nature of the charges and whether his plea was knowing and voluntary when he harbored such confusion about those charges. And this court requires strict adherence to Rule 11 and something like this, which goes to the very nature of the offense, it's hard to imagine how the defendant's plea could be knowing or voluntary under these sorts of circumstances. And with that, I submit there is a standalone argument that we didn't address regarding aiding and abetting not being a crime of violence, and I just wanted to point out one brief point about that. The government cites a number of out-of-circuit cases in support of its position, but its reliance on those cases is misplaced because each finds its legal footing in cases that were decided pre-Davis or were themselves decided pre-Davis, and most importantly, all bypass the requirement under the categorical approach in which a court must examine the minimum criminal context necessary for a conviction under a particular statute as required by Taylor. With that, thank you. Thank you. Thank you very much. Thank you. That concludes our oral arguments for this morning.